IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRUSTEES OF ALLIED WORKERS ) <br> LOCAL 48 PENSION FUND and ) <br> TRUSTEES OF THE ALLIED ) <br> WORKERS LOCAL 48 ANNUITY ) <br> FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ACTION INSULATION SERVICES, ) <br> INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> FILE NO. |

# COMPLAINT

COME NOW the TRUSTEES OF ALLIED WORKERS LOCAL 48 PENSION FUND and TRUSTEES OF ALLIED WORKERS LOCAL 48 ANNUITY FUND (hereinafter "Plaintiffs" or "Trustees") by and through their attorneys complaining of the Defendant ACTION INSULATION SERVICES, INC. (hereinafter "Defendant") and allege as follows:

1.

This action arises under the Labor Management Relations Act, as amended, 29 U.S.C. Chapter 7, §185(a) and the Employee Retirement Income Security Act

taw\actioninsul-com-1.2017

1

of 1974, as amended, 29 U.S.C. §§1132 and 1145, and pendent state law claims. Jurisdiction is founded on the existence of questions arising thereunder.

2.

Venue is proper in the United States District Court for the Northern District of Georgia under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), with respect to the Plaintiffs' claims because the Plaintiff Funds are administered in this district.

3.

The fringe benefit funds are administered by designated Trustees pursuant to the terms and provision of the Declarations of Trust governing said Funds. The Trustees are required to maintain and administer the Funds in accordance with the provisions of the Labor Management Relations Act of 1947, as amended ("LMRA"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and other applicable state and federal laws.

4.

The Trustees of the fringe benefit funds exercise discretionary authority and control with respect to the management of, and with respect to the management and disposition of the assets of the Funds. Accordingly, the Trustees are "fiduciaries" of the Funds within the meaning of ERISA §3(21), 29 U.S.C. §1002(21). The Trustees bring this suit on behalf of the Funds and on behalf of the

Funds' participants and beneficiaries and not in any individual capacity.

5.

Defendant, Action Insulation Services, Inc., is an employer within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, et seq. The Defendant is subject to the jurisdiction of this Court. Service may be had upon the Defendant by serving its registered agent Robert G. Mann at 1121 Timber Ridge Road, Watkinsville, GA 30677.

6.

International Association of Heat and Frost Insulators and Allied Workers Local 48 (hereinafter known as "Allied Workers Local 48") is a labor organization within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, et seq.

7.

At all times material to Plaintiffs' cause, Defendant has been a party to a collective bargaining agreement with Allied Workers Local Union 48.

8.

Defendant employed persons within the trade and territorial jurisdiction of the aforementioned collective bargaining agreement. Defendant promised and became obligated to make contribution reports and payments thereon in the

taw\actioninsul-com-1.2017

amounts set forth therein.

## COUNT I

9.

As provided in the respective Agreements and Declarations of Trust, the Trustees of the Funds are required to receive, hold, and manage all monies required to be contributed by Defendant in accordance with the provision of the then applicable collective bargaining agreement, and the Trust Funds, for the uses and purposes set forth in the Agreements and Declarations of Trust.

10.

Notwithstanding the foregoing, the Defendant violated its obligations in that it failed to make accurate contribution reports and required payments thereon upon their respective due dates during the period January 1, 2016 through August 31, 2016, and has failed to provide any contribution report and or required payments thereon for the period of September 1, 2016 through December 31, 2016 as of the date of this filing.

11.

By the above described omissions and breaches by the Defendant, the condition of the funds will be adversely affected and will cause said funds and its employee beneficiaries, particularly those employee beneficiaries of the

Defendant, substantial and irreparable harm.

12.

The Declarations of Trust grants the Trustees authority to require contributing employers to undergo payroll audits.  The Declarations of Trust additionally provide for liquidated damages, interest, all costs of collection, including attorney's fees, as well as audit fees.  Because of the aforementioned omissions and breaches Defendant is liable for all the foregoing.  Defendant is similarly liable for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, costs of action and such other legal or equitable relief as the court deems appropriate, under the express terms of ERISA, 29 U.S.C. §1132 and §1145.

13.

Plaintiff funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on the Defendant's part required to be performed under its collective bargaining agreement and applicable Declarations of Trust and are restrained from continuing to refuse to perform as thereunder required.

taw\actioninsul-com-1.2017

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff funds herein respectfully pray for an Order of Specific Performance and Injunction against the Defendant, and that the following relief be granted:

(a)     That Defendant be decreed to cooperate with any audit of Defendant's payroll books and records as provided for by the applicable Declarations of Trust;

(b)     That Defendant be decreed to pay to Plaintiffs all sums determined to be due by any audit pursuant to the Declarations of Trust and ERISA, 29 U.S.C. §§1132 and 1145, together with interest from the date the amounts were due as provided by the Declarations of Trust;

(c)     That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records as provided for by the applicable Declarations of Trust;

(d)     That Defendant be decreed to pay to Plaintiffs all costs of this legal action and reasonable attorneys' fees as provided for in the applicable Declarations of Trust and ERISA, 29 U.S.C. §§1132 and 1145;

(e)     That Defendant be decreed to pay to Plaintiffs liquidated damages in amounts set forth in the applicable Declarations of Trust and similarly required ERISA 29 U.S.C. §§1132 and 1145;

taw\actioninsul-com-1.2017

(f)     That the Court award prejudgment interest at the rate of twenty (20%) percent; and

(g)     That the Court grant such further relief as it deems just, equitable and appropriate.

This the 31st day of January, 2017.

>                *s/Tessa A. Warren*
>                TESSA A. WARREN, ESQ.
>                Georgia Bar No. 435157
>                Attorney for Plaintiffs
>                QUINN, CONNOR, WEAVER, DAVIES
>                & ROUCO LLP
>                3615 Covington Highway
>                Decatur, GA 30032
>                (404) 299-1211 x 131
>                (404) 299-1288-fax
>                Email: twarren@qcwdr.**com**

taw\actioninsul-com-1.2017